```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
THOMAS M. KELLY,                        :
                                        :
                    Petitioner,         :    12 Civ. 0628 (DLC)
                                        :    09 Cr. 163 (DLC)
          -v-                           :
                                        :    MEMORANDUM OPINION
UNITED STATES OF AMERICA,               :         AND ORDER
                                        :
                    Respondent.         :
                                        :
----------------------------------------X
```

APPEARANCES:

For the petitioner:

Thomas M. Kelly, pro se
201 Queensberry Court
Pittsburgh, PA 15237


DENISE COTE, District Judge:

On September 3, 2013, petitioner Thomas Kelly ("Kelly"), proceeding pro se, filed a motion for reconsideration of this Court's August 20, 2013 Order. For the reasons explained below, the motion is denied.

BACKGROUND

The procedural posture of this case is akin to a Russian Matryoshka doll, with four layers. The first layer is Kelly's 2009 conviction through guilty plea to wire fraud. That conviction was affirmed by summary order in 2010. The second

1

layer is the Kelly's 2012 petition for a writ of habeas corpus challenging his guilty plea, which was denied on July 25, 2012. The third layer is Kelly's Rule 60(b) motion for relief from the habeas denial, which was filed on July 25, 2013, and was denied on August 20, 2013.  The fourth layer is the motion for reconsideration of the Rule 60(b) denial, which is the present motion.

Although Kelly's present motion is framed in procedural terms -- as will be explained below -- his basic position is substantive.  Specifically, he contends that this Court erred in denying his habeas petition in two ways: (1) it failed to address his allegation that he was denied constitutionally effective assistance of counsel when his trial lawyer gave him faulty legal advice; and (2) it failed to hold an evidentiary hearing to resolve various factual disputes.

Kelly raised these arguments in a Rule 60(b) motion.  Rule 60(b) allows a party to seek relief from a judgment and sets forth six distinct bases for granting such relief:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been

>discovered in time to move for a new trial under
>Rule 59(b);
>(3) fraud (whether previously called intrinsic or
>extrinsic), misrepresentation, or misconduct by
>an opposing party;
>(4) the judgment is void;
>(5) the judgment has been satisfied, released, or
>discharged; it is based on an earlier judgment
>that has been reversed or vacated; or applying it
>prospectively is no longer equitable; or
>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co., 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted).

Kelly's Rule 60(b) motion was denied as being untimely. Because Kelly had failed to specify the provision under which he sought relief and because the categories embodied in Rule 60(b)(1) through (5) did not apply, the Court classified his request as falling under Rule 60(b)(6), the catch-all provision. See Order of August 20, 2013 at 2 n.1. Motions under Rule 60(b)(6) must be filed "within a reasonable time" under Federal Rule of Civil Procedure 60(c) and within fourteen days under Local Civil Rule 6.3 for the Southern District of New York. Because Kelly's Rule 60(b) motion was filed one year after the

denial of the habeas petition, it failed to meet both deadlines and was denied as untimely.  Id. at 2-3.[1]

DISCUSSION

Kelly contends that the Court erred in classifying his motion under Rule 60(b)(6).  He asserts that, because he was pointing to errors in the denial of the habeas petition, he had identified "mistake[s]" in the prior judgment, thus situating his motion under Rule 60(b)(1).  Because Kelly's motion complied with the one-year deadline for Rule 60(b)(1) motions under Rule 60(c), Kelly argues that the Court erred in denying his Rule 60(b) motion as untimely.

Kelly's Rule 60(b) motion is not properly classified as a motion made to address a "mistake" in the Opinion that denied his petition for a writ of habeas corpus.  The only category within which its arguments could fall is the catch-all category in Rule 60(b)(6) since the Rule 60(b) motion essentially quarreled with the Court's analysis and pressed substantive arguments.  As a result, it was an untimely motion.

---

[1] Additionally, to the extent that Butler's Rule 60(b) motion sought to challenge the underlying conviction as a successive habeas petition, it was denied as such petitions may only be filed in the Court of Appeals.  Id. at 3-4.

4

Even if it were appropriate to turn to Kelly's substantive arguments -- which are that the Court erred by (1) failing to address his ineffectiveness claim based on faulty legal advice and (2) failing to hold a hearing on certain factual disputes -- both arguments fail.  As to ineffectiveness, Kelly is simply incorrect; the Court directly addressed his claim.  The Court explained that the allegedly faulty advice from his lawyer was not relevant "to the crime to which Kelly pleaded guilty."  Kelly v. United States, 12 Civ. 0628 (DLC), 2012 WL 3030092, at *4 (S.D.N.Y. July 25, 2012).  As to the hearing issue, the Court explained that there was no need to "conduct any hearing" because of various dispositive "deficiencies in [Kelly's] petition."  Id. at *3; see 28 U.S.C. § 2255(b)(stating that no hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").  Finally, neither of Kelly's arguments raises any genuine question as to the validity of his guilty plea, and thus there are no "exceptional circumstances" sufficient to warrant relief under Rule 60(b).

Kelly has identified no substantive basis to support his Rule 60(b) motion.  Thus, even had Kelly's Rule 60(b) motion been deemed timely, it would have been denied on the merits.

Accordingly, there is no reason to reconsider the prior denial of the motion.

CONCLUSION

The September 3, 2013 motion for reconsideration is denied. As Kelly has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c); Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

Dated:   New York, New York
         November 18, 2013

             _____
                      DENISE COTE
                United States District Judge

Copy sent to:

Thomas M. Kelly
201 Queensberry Court
Pittsburgh, PA 15237